

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Hon. Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Land Office Building
Austin, Texas

Dear Mr. Alsup:

> Opinion No. 0-6778
> Re: Determination of property rights
> in a confectionery and cigar stand
> formerly operated by a blind person
> in the State Land Office Building.

We have given careful consideration to your letter of recent date requesting the opinion of this Department upon the captioned subject. We quote in part from your letter as follows:

> "During the Regular Session of the Forty-second Legislature, 1931, House Concurrent Resolution No. 35 was adopted.
>
> "The above named resolution reads as follows:
>
> "'Be it resolved that the House of Representatives of the Forty-second Legislature of the State of Texas, the Senate concurring, that the Superintendent of Public Buildings and Grounds (or the Board of Control) be, and is hereby requested to permit Oscar Raines, who is a blind citizen of Texas, to erect, maintain and operate a confectionery and cigar stand in the lobby on the ground floor of the State Land Office Building, located in Austin, Texas, supervision of the stand to be under the Board of Control.'
>
> "Please advise this department if the resolution gives to Mr. Raines a vested property right. Also advise if either the wife or Mr. Raines or the person who is now operating this stand has the authority to convey to another individual the right to operate a confectionery and cigar stand in the Land Office Building."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Lon Alsup, page 2

There is a marked distinction between a law and a resolution. The Court, in the case of Conley v. Texas Division of U. D. of the Confederacy, 164 S. W. 24, writ of error denied, very ably stated this difference as follows:

"The chief distinction between a resolution and a law seems to be that the former is used whenever the legislative body passing it wishes to merely express an opinion as to some given matter or thing, and is only to have a temporary effect on such particular thing; while by the latter it is intended to permanently direct and control matters applying to persons or things in general."

We are of the opinion that the resolution under consideration was merely an expression of the Legislature in the form of a request of the Board of Control to permit one Oscar Raines to erect, maintain and operate a confectionery and cigar stand in the State Land Office Building; and that this expression was merely intended to have a temporary effect, and was certainly not bestowing upon Oscar Raines a vested property right in this space, even if the latter was permissible under our law.

Our contention is further substantiated by the fact that the resolution provides that the supervision of the stand is to be under the Board of Control, which is in keeping with the policy of this State of having the charge and control of all public buildings under the Board of Control. See Article 665, R.C.S. In other words, the Legislature, by the resolution, recognized and left the control and charge of the State Land Office Building in the hands of the Board of Control, and merely requested the Board to permit Oscar Raines to use a certain space therein.

In view of the foregoing, we answer your two questions in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch
Robert O. Koch
Assistant

ROK:AMC

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN